NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROXANA VELESKA GALVEZ-DIAZ; et al.,<br><br>                    Petitioners,<br><br>   v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>                    Respondent. | No.    16-71517<br><br>Agency Nos.    A206-779-616<br>                       A206-779-615<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018**

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Roxana Veleska Galvez-Diaz and her daughter, natives and citizens of

Honduras, petition for review of the Board of Immigration Appeals ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

application for asylum, withholding of removal, and protection under the

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's determination that Galvez-Diaz failed to establish that any harm she experienced or fears in Honduras was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'") (citation omitted). We reject Galvez-Diaz's contention that the BIA's cognizability analysis was insufficient. We also reject Galvez-Diaz's contention that the BIA erred by not reaching the issue of whether her past harm rose to the level of persecution. *See Simeonov v. Ashcroft*, 371 F.3d

2                                                                                      16-71517

532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.") (citation omitted). Thus, in the absence of a nexus to a protected ground, Galvez-Diaz's asylum and withholding of removal claims fail. *See Zetino*, 622 at 1016.

Substantial evidence also supports the agency's denial of CAT relief because Galvez-Diaz failed to show it is more likely than not that she would be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016).

**PETITION FOR REVIEW DENIED.**